**CENTAUR COMMUNICATIONS, LIMITED, Plaintiff,**

v.

**A/S/M COMMUNICATIONS, INC., Defendant.**

**No. 86 Civ. 9587 (MP).**

United States District Court, S.D. New York.

Dec. 23, 1986.

Mudge Rose Guthrie Alexander & Ferdon, New York City by John J. Kirby, Jr., Shelley O'Neill, for plaintiff.

Satterlee & Stephens, New York City by James F. Rittinger, for defendant.

MILTON POLLACK, Senior District Judge.

This is a motion for a preliminary injunction by the plaintiff pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiff claims that defendant has infringed upon plaintiff's unregistered "Marketing Week" trademark.

Visual examination of defendant's magazine as distributed prior to September 1986 makes it clear beyond doubt that defendant switched completely from its own mark of "Adweek" in bold 1½ inch lettering to plaintiff's mark of "Marketing Week," printed in similarly sized lettering comparable to the format of plaintiff's mark.

■ Where, as here, the mark at issue is descriptive, one predicate for the issuance of a preliminary injunction is a demonstration by plaintiff of the secondary meaning of the mark or name. *Thompson Medical Co., Inc. v. Pfizer, Inc.,* 753 F.2d 208, 216 (2d Cir.1985) (where Judge Kaufman remanded a preliminary injunction action for determination as to whether plaintiff's

mark had acquired secondary meaning). Proof of secondary meaning "entails vigorous evidentiary requirements" and may be proved by advertising expenditures, consumer studies linking the name to a source, sales success, as well as other methodologies. Id. at 217 (citations omitted).

■ There is evidence in this record from which confusion might be inferred, namely, the knowing and deliberate copying of the tradename of the plaintiff's magazine. The requirements for preliminary injunctive relief necessitate that plaintiff demonstrate with reasonable certainty a clear showing of either probable success on the merits and irreparable injury or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. It is entirely evident that the defendant's magazine cannot claim that it has achieved a secondary meaning for the phrase "Marketing Week," whatever has been established for the description "Adweek." The plaintiff's distribution in America of the magazine entitled "Marketing Week" has clearly preceded any appropriation of that mark in any form by the defendant.

■ The showing of each of the essential elements to be established has not been made with that reasonable certainty or clarity required, albeit the evidence poses a superficially appealing case for some equitable intervention against predatory commercial conduct. There is a suggestion, subsurface at least, that an ultimate purpose of the defendant is to attempt to elbow the British magazine out of the American market on the notion that the British magazine has not established a presence here. That purpose is conceivably inferable from the actions of the defendant, including the belated attempt to register the plaintiff's mark shortly after notice to the defendant that it was infringing thereon.

Leaving the final determination of secondary meaning and all other issues to trial, plaintiff has not established by sufficient proof with reasonable certainty at this hearing that "Marketing Week" has acquired the secondary meaning in the United States that justifies the granting of a preliminary injunction. It should be manifest to the defendant that it proceeds with the use of the plaintiff's mark at its own risk by continuing to distribute its magazine with the plaintiff's mark so prominently displayed and with its own former mark subordinated in small lettering on the cover.

Under all the facts and circumstances, the motion is denied without prejudice to resolution of the issues by a trial. An early trial will be granted if requested by the plaintiff. So ordered.